[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13979

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN MARKOVICH,
DANIEL MARKOVICH,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60020-WPD-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan and Daniel Markovich appeal the denial of their second motion for an evidentiary hearing and new trial following their convictions for operating fraudulent drug rehabilitation clinics. The Markoviches argue that the district court abused its discretion in denying their motion because newly discovered evidence proved that the government allowed its witness—Mario Kustura—to commit perjury at trial. In response, the government moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002). The law-of-the-case doctrine provides that an appellate decision binds all subsequent proceedings in the same case as to explicit or implicit fact findings and legal conclusions made in a prior appeal unless there is new evidence, an intervening change in controlling law, or the decision "would cause manifest injustice because it is clearly erroneous."

*United States v. Anderson*, 772 F.3d 662, 668–69 (11th Cir. 2014) (citation and internal quotation marks omitted).

The government is clearly right as a matter of law that the district court did not abuse its discretion in denying the Markoviches' second motion for an evidentiary hearing and new trial because their arguments are foreclosed by the law-of-the-case doctrine. In their prior appeal, we rejected the Markoviches' request for an evidentiary hearing to determine whether Kustura overdosed on drugs and called someone from the prosecutor's office two days before he testified at trial, as well as the request for a new trial because that evidence would prove that the prosecution knew Kustura falsely testified that he had "been clean" from illegal drugs for "about nine months." *United States v. Markovich*, 95 F.4th 1367, 1374–75, 1379–80 (11th Cir. 2024) (alteration adopted). We reasoned that even if additional discovery proved that Kustura had lied about his sobriety, that evidence would not support a new trial because it would be cumulative of his previously admitted dishonesty. *Id.* at 1380. Although the Markoviches' argue that they have reframed their arguments under *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), they make the same argument—that a new trial is required because the prosecution knowingly allowed Kustura to lie about his sobriety.

And the Markoviches cannot establish that an exception to the law-of-the-case doctrine applies. *See Anderson*, 772 F.3d at 668–69. They do not argue that there has been a change in controlling law. Although they argue that our prior decision was clearly

erroneous and constituted a manifest injustice, they do not explain why. Instead, they argue that newly discovered evidence proves that Kustura committed perjury because he had abused drugs, not alcohol, the night of his 9-1-1 call and that the prosecution knew about it because Kustura called a law enforcement officer. But they did not substantiate these claims with affidavits or corroborating evidence. And we already held that even if discovery revealed Kustura lied about his sobriety, that evidence would not support a new trial because it was cumulative of his admitted dishonesty. *See Markovich*, 95 F.4th at 1380.

Because the government's position is clearly correct as a matter of law, we **GRANT** its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**